Brian D. Sullivan
FOX ROTHSCHILD LLP
49 Market Street
Morristown, NJ 07960
Tel:  (973) 994-7525
Email: bsullivan@foxrothschild.com
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NEW JERSEY COALITION OF AUTOMOTIVE RETAILERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MAZDA MOTOR OF AMERICA, INC. <br><br> Defendant. | Case No. 3:18-cv-14563-BRM-TJB <br><br> Motion Day: January 22, 2019 |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF
UNDISPUTED MATERIAL FACTS**

Pursuant to Local Rule 56.1(a), Defendant Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("Mazda") submits the following Response to Plaintiff's Statement of Undisputed Material Facts (Dkt. 16-2):

1.  Mazda is unable to admit or deny because it has no personal knowledge of the asserted facts and needs discovery from Plaintiff to determine their truth or falsity.

2. Admitted in part. Mazda admits that there are currently 16 franchised Mazda dealers in New Jersey, but needs discovery from Plaintiff to be able to admit or deny whether each of those dealers is a member of Plaintiff, as alleged in Paragraph 2.

3. Mazda is unable to admit or deny because it has no personal knowledge of the asserted facts and needs discovery from Plaintiff to determine their truth or falsity.

4. Mazda is unable to admit or deny because it has no personal knowledge of the asserted facts and needs discovery from Plaintiff to determine their truth or falsity.

5. Admitted in part. Mazda admits that Plaintiff has appeared as a party or as *amicus curiae* in the referenced litigation, but needs discovery from Plaintiff to be able to admit or deny the other matters alleged.

6. Denied. Plaintiff's appearance in this case is contrary to the interests of many of its Mazda dealer members. Reply Decl. of Kyle Kaczmarek, dated December 17, 2018 (Dkt. 18), Exs. A-E. Mazda believes that the majority of New Jersey Mazda dealers do not support this action and accordingly needs discovery from those dealers.

7. Admitted.

8. Admitted.

9. Admitted.

10. Objection. Paragraph 10 constitutes legal argument and/or conclusions of law, which violates L. Civ. R. 56.1(a). (A statement of material facts "shall not contain legal argument or conclusions of law.")

11. Objection. Paragraph 11 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

12. Objection. Paragraph 12 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

13. Objection. Paragraph 13 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

14. Objection. Paragraph 14 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

15. Objection. Paragraph 15 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

16. Objection. Paragraph 16 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

17. Objection. Paragraph 17 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

18. Objection. Paragraph 18 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

19. Objection. Paragraph 19 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

20. Objection. Paragraph 20 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

21. Objection. Paragraph 21 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

22. Objection. Paragraph 22 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

23. Objection. Paragraph 23 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

24. Objection. Paragraph 24 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

25. Objection. Paragraph 25 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

26. Objection. Paragraph 26 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

27. Objection. Paragraph 27 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

28. Objection. Paragraph 28 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

29. Objection. Paragraph 29 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

30. Objection. Paragraph 30 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

31. Objection. Paragraph 31 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

32. Objection. Paragraph 32 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

33. Objection. Paragraph 33 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

34. Objection. Paragraph 34 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

35. Objection. Paragraph 35 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

36. Objection. Paragraph 36 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

37. Admitted.

38. Denied in part. Mazda admits that the MBEP makes incentive payments available to dealers based on their compliance with the program's criteria, but denies that the MBEP creates a "two-tiered pricing regime" or that the payments made available thereunder are "discounts" or "bonuses" within the meaning of N.J.S.A. 56:10-7.4. MBEP payments are incentive payments earned by the dealer for meeting certain incentive criteria. Decl. of Kyle Kaczmarek in Supp. of D.'s Mot. Dismiss, dated November 8, 2018 ("Kaczmarek Decl.") (Dkt. 7-1), Ex. 2, pp. 4-7.

39. Denied in part. Mazda admits that the MBEP provides Mazda dealers with payments from 6.5% to 0% of the base Manufacturer's Suggested Retail Price ("MSRP") for each new Mazda vehicle the dealer retails, but denies that such payments are "discounts" or "bonuses" within the meaning of N.J.S.A. 56:10-7.4. *See* Response to Paragraph 38.

40. Admitted.

41. Denied in part. Mazda admits that a dealer must achieve certain Base Qualifiers to be eligible for payments under the MBEP, but denies that this makes

a dealer eligible for any "discounts" within the meaning of N.J.S.A. 56:10-7.4. *See* Response to Paragraph 38.

42. Denied in part. Mazda admits that one of the Earning Elements under the MBEP is Brand Commitment, and that to be eligible for this payment (of up to 4.5%) a dealer must satisfy certain facilities and other requirements, but denies that those payments are "discounts" within the meaning of N.J.S.A. 56:10-7.4. *See* Response to Paragraph 38.

43. Denied in part. Mazda admits that dealers who achieve certain Base Qualifiers, employ a Dedicated Exclusive General Manager, and qualify as a Retail Evolution Dealership are eligible for a Brand Commitment Earning Element payment of 4.5%, but denies that a dealer may qualify as a Retail Evolution Dealership simply by having "an exclusive Mazda facility that incorporates all Mazda required image elements." Dealers must enroll in the Retail Evolution Program to become a Retail Evolution Dealership. Kaczmarek Decl. ¶¶ 7-8. In addition, dealers who have enrolled in the Retail Evolution Program but who have not yet "broken ground" on their Retail Evolution Dealership qualify to have Mazda escrow the difference between what they would have earned under the Brand Commitment Earning element (i) as a Retail Evolution Dealership and (ii) at their current facility type. *Id.* ¶ 13. Mazda further denies that the Brand

7

Commitment Earnings Element payments are "discounts" or "bonuses" within the meaning of N.J.S.A. 56:10-7.4.  *See* Response to Paragraph 38.

44. Denied in part.  Mazda admits that dealers who meet the requirements listed in the previous paragraph but do not employ a Dedicated Exclusive General Manager are disqualified from the Retail Evolution Dealership level payout of 4.5%, and drop down to the Exclusive Dealership level payout of 2.8%, but denies that those payouts are "discounts" or "bonuses" within the meaning of N.J.S.A. 56:10-7.4.  *See* Response to Paragraph 38.

45. Denied.  In addition to having an exclusive Mazda showroom, Exclusive Showroom Dealerships must also meet certain Base Qualifiers to qualify for the 1.0% Brand Commitment Earning Element payment.  Mazda further denies that those payments are "discounts" or "bonuses" within the meaning of N.J.S.A. 56:10-7.4.  *See* Response to Paragraph 38.

46. Denied.  Mazda dealers without exclusive Mazda facilities are still eligible to receive a 1.0% Brand Commitment Earning Element payment if they meet certain Base Qualifiers and have an exclusive Mazda showroom.  Kaczmarek Decl., Ex. 2, p. 7.  Mazda further denies that those payments are "discounts" or "bonuses" within the meaning of N.J.S.A. 56:10-7.4.  *See* Response to Paragraph 38.

47. Denied in part. Mazda admits that the MBEP includes a Customer Experience Earning Element payment of up to 2.0%, denies that those payments are "discounts" within the meaning of N.J.S.A. 56:10-7.4. *See* Response to Paragraph 38.

48. Denied in part. Mazda admits that only dealers who meet the MBEP's requirements for customer experience are eligible for Customer Experience Earning Element payments, but denies that those payments are "discounts" within the meaning of N.J.S.A. 56:10-7.4. *See* Response to Paragraph 38.

49. Denied in part. Mazda admits that dealers in the listed facility types have the potential to earn payments in the listed amounts, but denies that those payments are "discounts" within the meaning of N.J.S.A. 56:10-7.4. *See* Response to Paragraph 38.

50. Denied in part. Mazda admits that the calculations of potential payments in Paragraph 50 based on an MSRP of $30,000 are accurate, but denies that such payments are "discounts" within the meaning of N.J.S.A. 56:10-7.4. *See* Response to Paragraph 38. Mazda also denies that the incentive payments give the dealers who receive them "a significant price advantage over dealers that receive lesser or no discounts" because Plaintiff's argument fails to take into account the costs incurred by qualifying dealers to earn the incentive payments, which

Plaintiff's own witnesses have stated (under penalty of perjury) exceed the amount of the incentives. *See* Decl. of Shelly Irwin Locascio in Opp. to Def.'s Mot. Dismiss, dated December 3, 2018 ("Irwin Decl.") (Dkt. 12-1) ¶ 11; Decl. of Michael J. Ciasulli in Opp. to Def.'s Mot. Dismiss, dated November 30, 2018 ("Maxon Decl.") (Dkt. 13) ¶ 10.

51. Admitted.

52. Denied in part. Mazda admits that Maxon is a dualled dealership and thus does not qualify for any Brand Commitment Earning Element Payment, but denies that such payment is a "discount" or "bonus" within the meaning of N.J.S.A. 56:10-7.4. *See* Response to Paragraph 38.

53. Denied. Maxon's own declaration indicates that Maxon may have a cost advantage over qualifying dealers because it has not had to spend the amount necessary to qualify for the incentives. *See* Maxon Decl. ¶ 6. In addition, the Maxon Declaration does not support the contention that qualifying dealers have in fact lowered their prices based on the receipt of incentives. Mazda needs discovery from Maxon and the Mazda dealers with which it competes for retail sales to determine the truth or falsity of these assertions. Mazda further denies that the incentive payments constitute "discounts or bonuses" within the meaning of N.J.S.A. 56:10-7.4. *See* Response to Paragraph 38.

54. Denied. Mazda denies that the Brand Commitment Earnings Element payment is a "discount or bonus" within the meaning of N.J.S.A. 56:10-7.4. *See* Response to Paragraph 38. Mazda is unable to admit or deny the remaining allegations of Paragraph 54 because it has no personal knowledge of these allegations and needs discovery from Maxon to determine their truth or falsity.

55. Mazda is unable to admit or deny because it has no personal knowledge of the asserted facts and needs discovery from Maxon to determine their truth or falsity.

56. Denied. Mazda denies that the MBEP payments are "discounts or bonuses" within the meaning of N.J.S.A. 56:10-7.4. *See* Response to Paragraph 38. Mazda is unable to admit or deny the remaining allegations of Paragraph 56 because it has no personal knowledge of these allegations and needs discovery from Maxon to determine their truth or falsity.

57. Mazda admits that it has not heretofore provided Maxon with such a "justification" but denies that it had any legal obligation to do so. Mazda needs discovery to determine whether the cost to Maxon of making the modifications necessary to qualify can be justified by the expected return on Maxon's investment. Discovery of Maxon's potential costs can only be obtained from Maxon.

58. Admitted.

59. Denied in part. Mazda admits that Irwin is an Exclusive Showroom Dealership eligible for a Brand Commitment Earning Element payment of 1.0%, but denies that such payment is a "discount" or "bonus" within the meaning of N.J.S.A. 56:10-7.4. *See* Response to Paragraph 38. In addition, Irwin's own declaration indicates that Irwin may have a cost advantage over qualifying dealers because it is not had to spend the amount necessary to qualify for the incentives. *See* Irwin Decl. ¶ 5. In addition, the Irwin Declaration does not support the contention that qualifying dealers have in fact lowered their prices based on the receipt of incentives. Mazda needs discovery from Irwin and the Mazda dealers with which it competes for retail sales to determine the truth or falsity of these assertions.

60. Denied. Mazda denies that the Brand Commitment Earnings Element payment is a "discount or bonus" within the meaning of N.J.S.A. 56:10-7.4. *See* Response to Paragraph 38. Mazda is unable to admit or deny the remaining allegations of Paragraph 60 because it has no personal knowledge of these allegations and needs discovery from Irwin to determine their truth or falsity.

61. Mazda is unable to admit or deny because it has no personal knowledge of the asserted facts and needs discovery from Irwin to determine their truth or falsity.

62. Denied. Mazda denies that the Brand Commitment Earnings Element payment is a "discount or bonus" within the meaning of N.J.S.A. 56:10-7.4. *See* Response to Paragraph 38. Mazda is unable to admit or deny the remaining allegations of Paragraph 62 because it has no personal knowledge of these allegations and needs discovery from Irwin to determine their truth or falsity.

63. Denied. Mazda denies that the MBEP payments are "discounts or bonuses" within the meaning of N.J.S.A. 56:10-7.4. *See* Response to Paragraph 38. Mazda is unable to admit or deny the remaining allegations of Paragraph 63 because it has no personal knowledge of these allegations and needs discovery from Irwin to determine their truth or falsity.

64. Mazda admits that it has not heretofore provided Irwin with such a "justification" but denies that it had any legal obligation to do so. Mazda needs discovery to determine whether the cost to Erwin of making any modifications necessary to qualify for a larger portion of the 4.5% brand commitment element can be justified by the expected return on Irwin's investment. Discovery of Irwin's potential cost can only be obtained from Irwin.

65. Admitted that Plaintiff is seeking such relief but denied that it is entitled to any such relief.

66. Objection. Paragraph 66 constitutes legal argument and/or conclusions of law, which is a violation of L. Civ. R. 56.1(a).

Dated: January 22, 2019

/s/ *Brian D. Sullivan*
Brian D. Sullivan
FOX ROTHSCHILD LLP
49 Market Street
Morristown, NJ 07960
Tel: (973) 994-7525
Email: bsullivan@foxrothschild.com

John J. Sullivan
(*pro hac vice* application to be submitted)
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
Tel: (212) 918-3000
Email: john.sullivan@hoganlovells.com

Ryan L. Ford
(*pro hac vice* application to be submitted)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Tel: (202) 637-5600
Email: ryan.ford@hoganlovells.com

*Attorneys for Defendant Mazda Motor of America, Inc., d/b/a Mazda North American Operations*