Brian D. Sullivan
FOX ROTHSCHILD LLP
49 Market Street
Morristown, NJ 07960
Tel: (973) 994-7525
Email: bsullivan@foxrothschild.com
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NEW JERSEY COALITION OF AUTOMOTIVE RETAILERS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MAZDA MOTOR OF AMERICA, INC.<br><br>Defendant. | Case No. 3:18-cv-14563-BRM-TJB<br><br>Motion Day: January 22, 2019 |

**DECLARATION OF JOHN J. SULLIVAN
PURSUANT TO FED. R. CIV. P. 56(d)**

I, John J. Sullivan, declare:

1. I am a member of the New York bar and of the firm Hogan Lovells US LLP, co-counsel to Defendant Mazda Motor of America, Inc., d/b/a Mazda North American Operations ("Mazda"). I intend to file an application to appear *pro hac vice* in this action.

2. I submit this declaration (a) in opposition to the motion for summary judgment filed by Plaintiff New Jersey Coalition of Automotive Retailers, Inc. ("NJ CAR") and (b) pursuant to Fed. R. Civ. P. 56(d), to show that Mazda cannot at this time – before it has filed an answer and before any discovery has taken place – present certain facts essential to justify its opposition.

### Background

3. NJ CAR filed its Complaint on October 2, 2018. (Dkt. 1.)

4. In the Complaint, Plaintiff alleges that Mazda's Brand Experience Program ("MBEP") violates subsections (h), (j), and (l) of N.J.S.A. 56:10-7.4. The Complaint seeks (i) a declaration that the MBEP is unlawful and (ii) an injunction prohibiting Mazda from implementing the MBEP in New Jersey.

5. Mazda has not answered the Complaint. Instead, Mazda has filed a motion to dismiss on the ground that there is no subject matter jurisdiction because NJ CAR lacks standing. (Dkt. 8.)

6. Prior to complete briefing, and the Court's ruling, on the motion to dismiss, NJ CAR filed a motion for summary judgment. (Dkt. 16.)

7. NJ CAR's motion was filed before Mazda had the opportunity to take any discovery. No Rule 26(f) conference has been held and no scheduling order has been entered.

## Discovery Concerning the Alleged Injuries

8. In its motion to dismiss, Mazda argues that NJ CAR does not have standing to sue on behalf of its Mazda dealer-members.

9. One of Mazda's arguments is that NJ CAR does not have standing because it cannot meet its burden to show that any of its members have suffered an actual injury as a result of the MBEP.

10. To prevail on summary judgment, NJ CAR must prove that one or more of its members has suffered such an injury.

11. In attempt to meet this burden, NJ CAR has submitted declarations from two of its members: Maxon Auto Enterprises d/b/a Maxon Mazda ("Maxon") and SIL, LLC d/b/a Irwin Mazda ("Irwin").

12. The declarations contain conclusory allegations from each dealer that, because they have not taken the actions required to qualify for the MBEP's incentives, they are at a competitive disadvantage to Mazda dealers who do receive the incentives.

13. In addition, the declarations allege that Maxon and Irwin could not, with the assistance of the MBEP incentives, generate profits sufficient to justify an investment in meeting the MBEP facility qualifiers.

14. Mazda requests the opportunity to seek discovery concerning these allegations, including depositions of Maxon and Irwin.

15. Such information can only be obtained from the dealers themselves.

16. Maxon and Irwin also claim that they are losing sales to competing Mazda dealers who receive MBEP incentives because those competitors are able to lower their retail prices. However, Maxon and Irwin provide no proof that this is occurring: they do not identify the alleged competing Mazda dealers or the transactions and retail prices at issue.

17. Mazda does not have information concerning the retail prices charged by dealers on any specific transactions. Such information can only be obtained from the dealers involved, including Maxon and Irwin. Accordingly, Mazda needs discovery on this issue.

### Discovery Concerning NJ CAR's Conflicts of Interest

18. Mazda also argues that NJ CAR does not have standing because there are serious conflicts of interests among its membership concerning this action.

19. In response to this argument, NJ CAR contends that such conflicts do not preclude its standing because NJ CAR followed its own internal rules before it filed this action. *See* Pl.'s Opp. to Mot. to Dismiss (Dkt. 12), p. 25.

20. In support of this claim, NJ CAR has submitted a declaration from its President, James B. Appleton, alleging that NJ CAR's By-Laws gave him the authority to file this action.

21. Mazda requests the opportunity to seek discovery concerning these allegations, including Appleton's deposition.

22. Such information can only be obtained from NJ CAR.

### Discovery Concerning Merits

23. Mazda contends that its payment of MBEP incentives to qualifying dealers does not constitute price discrimination under N.J.S.A. 56:10-7.4(h) because the incentives are "functionally available" to all New Jersey Mazda dealers, including Maxon and Irwin. Maxon claims that the cost of qualifying for the incentives is prohibitive to Maxon, and Irwin claims that Freehold Township will not permit it to make the facility renovations necessary to qualify. Mazda needs discovery concerning these contentions.

24. NJ CAR contends that the MBEP constitutes the "imposition" of facility requirements on New Jersey dealers in violation of N.J.S.A. 56:10-7.4(j). Mazda contends that it is a program in which New Jersey dealers have voluntarily agreed to the facility requirements in exchange for separate and valuable consideration (i.e., the MBEP incentives), which is expressly permitted by N.J.S.A. 56:10-7.4(j). Discovery is needed from the qualifying New Jersey Mazda dealers to determine whether they voluntarily agreed to the requirements or whether the requirements have been "imposed" upon them.

25. NJ CAR contends that, through the MBEP, Mazda has "require[d] or attempt[ed] to require" its New Jersey dealers to relocate and/or implement facility modifications in violation of N.J.S.A. 56:10-7.4(l). In addition to contending that MBEP is a voluntary program expressly permitted by N.J.S.A. 56:10-7.4(j), Mazda contends that it does not violate N.J.S.A. 56:10-7.4(l) because funds are available to the dealers for relocation or modification on reasonable terms and the dealers will be able, in the ordinary course of business, to earn a reasonable return on the investment. Discovery is needed from New Jersey Mazda dealers concerning the availability of funds, the costs of relocation and/or modification, and the dealers' ability to earn a reasonable return on such investment.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York on January 22, 2019.

_____
John J. Sullivan