# UNITED DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY COALITION OF AUTOMOTIVE RETAILERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MAZDA MOTOR OF AMERICA, INC., <br><br> Defendant. | **Case No. 3:18-cv-14563-BRM-TJB** <br><br> Motion Day: September 8, 2020 |

## **DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

Brian D. Sullivan
FOX ROTHSCHILD LLP
49 Market Street
Morristown, NJ 07068
Tel: (973) 994-7525
Email: bsullivan@foxrothschild.com

John J. Sullivan
(admitted *pro hac vice*)
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Tel: (212) 918-3000
Email: john.sullivan@hoganlovells.com

Ryan L. Ford
(admitted *pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Tel: (202) 637-5600
Email: ryan.ford@hoganlovells.com

*Attorneys for Defendant Mazda Motor of America, Inc., d/b/a Mazda North American Operations*

## TABLE OF CONTENTS

Page(s)

I.  THIS COURT LACKS SUBJECT-MATTER JURISDICTION....................1

    A.  The Third Circuit Did Not Decide the "Individual Participation" Issue................................................................................................................1

    B.  Individual Member Participation Is Necessary ..........................................5

II. IN THE ALTERNATIVE, NJ CAR CANNOT STATE A CLAIM...............9

    A.  The "Consolidation Rule" Does Not Bar Consideration of this Point...9

    B.  NJ Car Does Not Have Statutory Standing ................................................11

CONCLUSION.................................................................................................15

# **TABLE OF AUTHORITIES**

**Page(s)**

## **Cases**

*Bankers Trust Co. v. Bethlehem Steel Corp.*,
    761 F.2d 943 (3d Cir. 1985) ...................................................................................4

*Camden Co. Hist. Soc'y v. Dep't of Transp.*,
    371 F. Supp. 3d 187 (D.N.J. 2019) .........................................................................4

*Chem. Serv., Inc. v. Envtl. Monitoring Sys. Lab.*,
    12 F.3d 1256 (3d Cir. 1993) .................................................................................11

*Comm. Workers of America, AFL-CIO v. SBC Disability Income Plan*,
    80 F. Supp.2d 631 (W.D. Tex. 1999) ...................................................................13

*Eulitt ex rel. Eulitt v. Maine Dep't of Educ.*,
    386 F.3d 344 (1st Cir. 2004) ..................................................................................4

*Free Speech Coalition, Inc. v. Atty. Gen. United States*,
    787 F.3d 142 (3d Cir. 2015) ...................................................................................6

*Hart v. City of Philadelphia*,
    779 Fed. App'x 121 (3d Cir. June 20, 2019) ........................................................10

*Int'l Union, UMW v. CONSOL Energy, Inc.*,
    No. 1:16-CV-12506, 2020 U.S. Dist. LEXIS 98358 (S.D. W. Va.,
    June 4, 2020) ........................................................................................................13

*Leyse v. Bank of America N.A.*,
    804 F.3d 316 (3d Cir. 2015) ............................................................................9, 10

*Montone v. City of Jersey City*,
    709 F.3d 181 (3d Cir. 2013) .................................................................................11

*New Jersey Coalition of Automotive Retailers, Inc. v. Mazda Motor of
    America, Inc.*,
    957 F.3d 390 (3d Cir. 2020) ............................................................................2, 11

*New Jersey State AFL-CIO v. New Jersey*,
    747 F.2d 891 (3d Cir. 1984) ...........................................................................12, 13

*Oxford Assocs. v. Waste Sys. Auth.*,
   271 F.3d 140 (3d Cir. 2001) .............................................................................11

*Penn. Fed'n v. Norfolk S. Corp. Thoroughbred Ret. Inv. Plan*,
   No. 02-9049, 2004 WL 228685 (E.D. Pa. Feb. 4, 2004) ....................................13

*Schering Corp. v. FDA*,
   51 F.3d 390 (3d Cir. 1995) ................................................................................11

*Southern Ill. Carpenters Welf. Fund v. Carpenters Welf. Fund of Ill.*,
   326 F.3d 919 (7th Cir. 2003) .......................................................................12, 13

*United Artists Theatre Circuit, Inc. v. Township of Warrington*,
   316 F.3d 392 (3d Cir. 2003), *reh'g denied*, 324 F.3d 133 (3d Cir.
   2003) ...............................................................................................................3, 4

*United Food & Comm. Workers Union v. Brown Group, Inc.*,
   517 U.S. 544 (1996) .............................................................................................5

*United States v. Warren*,
   338 F.3d 258 (3d Cir. 2003) ................................................................................3

**Statutes**

5 U.S.C. § 702 ............................................................................................................11

42 U.S.C. § 1983 ........................................................................................................11

N.J.S.A. 56:10-7.4(h) ...................................................................................................7

N.J.S.A. 56:10-7.4(j) ....................................................................................................6

N.J.S.A. 56:10-7.4(l) ....................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 1 .........................................................................................................10

Fed. R. Civ. P. 12(b)(1) .............................................................................................10

Fed. R. Civ. P. 12(b)(6) .............................................................................................10

Fed. R. Civ. P. 12(c) ..............................................................................................9, 10

Fed. R. Civ. P. 12(f) ............................................................................................... 10

Fed. R. Civ. P. 12(g)(2) ....................................................................................... 9, 10

Fed. R. Civ. P. 12(h)(2)(B) ...................................................................................... 9

Fed. R. Civ. P. 12(h)(3) .......................................................................................... 10

Mazda respectfully submits this brief in reply to NJ CAR's opposition brief, Doc. 38 ("Opp."). Terms defined in Mazda's opening brief are used herein.

As shown below, the Court should reject NJ CAR's pleas not to consider Mazda's arguments that there is no subject-matter jurisdiction and that NJ CAR cannot state a claim upon which relief can be granted – two issues that are non-waivable and should be resolved at the outset. NJ CAR cannot satisfy the third *Hunt* prong: because the NJFPA permits franchisors to impose facility requirements such as those in MBEP if the individual dealers voluntarily agree to comply and are paid "separate and valuable consideration," the individual NJ CAR Mazda dealer members will need to participate. Further, NJ CAR has not cited any apposite authority supporting its argument that it has statutory standing to sue under a statute that limits such standing to a "franchisee" against "its franchisor."

I.  **THIS COURT LACKS SUBJECT-MATTER JURISDICTION**

   **A. The Third Circuit Did Not Decide the "Individual Participation" Issue**

NJ CAR contends that the Third Circuit "considered and rejected" Mazda's "individual participation" argument. Opp. at 16. In fact, the Third Circuit never addressed, much less "rejected," the argument.

After quoting the three-prong *Hunt* test, the Third Circuit observed that this Court's July 30, 2019 order "held that the Coalition's complaint satisfied the first prong but failed the second prong of the Hunt criteria, thus the [District] Court did

1

not reach the third prong." *New Jersey Coalition of Automotive Retailers, Inc. v. Mazda Motor of America, Inc.*, 957 F.3d 390, 392 (3d Cir. 2020). The Third Circuit never mentioned the third prong again. Rather, it agreed with this Court's disposition of the first prong, *id.* at 392-93, disagreed with its disposition of the second, *id.* at 393-94, and "reversed the [District] Court's July 30, 2019 order," *id.* at 394. Thus, the Third Circuit's "holding," properly defined, was that the July 30, 2019 order was based on an erroneous application of the second prong.

NJ CAR's argument that the Third Circuit ruled on the third prong is based on partial quotation of a footnote at the very end of the Third Circuit's decision. The Third Circuit added that footnote to (1) advise this Court that it was free to consider "any" other arguments for dismissal by Mazda and (2) stress its decision's "limit" – a word that NJ CAR awkwardly omits each time it quotes from the footnote. *See* Opp. at 2, 14, 17. The full text of the footnote is as follows:

> We stress that in so ruling, we express no opinion as to the merits of this case. We **limit** our holding to the conclusion that the Coalition has association standing to bring this case. In fact, our opinion should not be understood as implying that the complaint sufficiently has stated a valid claim under the NJ FPA. On remand, the District Court is free to consider any other arguments for dismissal that Mazda advances.

957 F.3d at 394 n. 3 (emphasis added). It would contravene the *stare decisis* and "law of the case" doctrines to transform this "limiting" footnote into an expansion of the decision's "holding." As the Third Circuit itself has said:

2

> Simply labeling a statement in an opinion as a "holding" does not necessarily make it so. Gratuitous statements in an opinion that do not implicate the adjudicative facts of the case's specific holding do not have the bite of precedent. They bind neither coordinate nor inferior courts in the judicial hierarchy. There are classic *obiter dicta*: "statement(s) of law in the opinion which could not logically be a major premise of the selected facts of the decision.

*United States v. Warren,* 338 F.3d 258, 265 (3d Cir. 2003) (holding that a statement in the text of a prior Third Circuit decision expressly characterized as one of its "holdings" was in fact not a holding). The "adjudicative" and "selected" facts set forth in the Third Circuit's decision in this case relate solely to the second prong; no facts or analysis are set forth with respect to the third prong.

While this Court must comply with the "law of the case" and the Third Circuit's mandate, these doctrines apply when the prior decision "'expressly resolved an issue or *necessarily resolved it by implication*.'" *United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392, 397-98 (3d Cir. 2003), *reh'g denied*, 324 F.3d 133 (3d Cir. 2003) (citation omitted) (emphasis added by the Third Circuit). The Third Circuit did not "expressly" resolve the "individual participation" issue, and it was not necessary for the Third Circuit to resolve it to reverse this Court's July 30, 2019 order. As the Third Circuit cautioned in *United Artists*:

> The law-of-the-case doctrine relieves a court of the obligation of considering an issue *twice*, but we must be careful to prevent the doctrine from being used to prevent a properly raised argument from

3

> being considered even *once*. When there is substantial doubt as to whether a prior panel actually decided an issue, the latter panel should not be foreclosed from considering the issue.

*Id.* at 398 (emphasis in original). Here, there is no question that Mazda has "properly raised" the argument that NJ CAR cannot satisfy the third prong of the Hunt test and that the Third Circuit did not "actually" decide the issue.

The only apposite case NJ CAR cites undermines its argument.[1] *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943 (3d Cir. 1985), was decided on "the long-settled corollary" to the rule that the district court must adhere to the appellate mandate: i.e., "that upon remand, [the District Court] may consider, as a matter of first impression, those issues not expressly or implicitly disposed of by the appellate decision." *Id.* at 950. There, the Third Circuit held that the district court had misinterpreted its previous ruling that a defendant should not have been denied a limitation of liability on the grounds relied on by the district court as a ruling that the defendant was entitled to a grant of a limitation of liability, regardless of other potential grounds to deny it. *Id*. at 950-51.

Similarly, it would be error to interpret the Third Circuit's decision that NJ CAR satisfies the second prong as holding that it also satisfies the very distinct

---

[1] The other cases cited by NJ CAR are completely inapposite; they involved the effect of intervening Supreme Court decisions on circuit precedent. *Camden Co. Hist. Soc'y v. Dep't of Transp.*, 371 F. Supp. 3d 187, 190-91 (D.N.J. 2019) (court held that it was not bound by Third Circuit precedent); *Eulitt ex rel. Eulitt v. Maine Dep't of Educ*., 386 F.3d 344, 348 (1st Cir. 2004).

4

requirements of the third prong – especially since, as NJ CAR concedes, the third prong "must" be satisfied to establish standing.[2]

### B. Individual Member Participation Is Necessary

Having first argued that the Third Circuit must have decided the third prong because "'each prong must necessarily be fulfilled for a determination of standing,'" Opp. at 17 (quoting this Court's prior decision but attributing it to the Court of Appeals), NJ CAR then turns around and suggests that the third prong need not be satisfied to determine standing. Opp. at 19. The case on which NJ CAR relies, however, held that federal courts have subject-matter jurisdiction when Congress expressly grants an association standing to bring claims requiring individual member participation. *United Food & Comm. Workers Union v. Brown Group, Inc.*, 517 U.S. 544, 546 (1996). It did not hold that the third prong is unnecessary. And the New Jersey Legislature has not expressly granted standing to associations such as NJ CAR in the NJFPA.

NJ CAR next argues that the third prong precludes only suits for damages. Opp. at 19-20. The Third Circuit, however, has expressly held to the contrary.

---

[2] Contrary to NJ CAR's assertions, the Third Circuit's denial of Mazda's petition for reargument – a fate that meets almost every such petition – has no additional precedential significance. Moreover, NJ CAR mischaracterizes Mazda's petition when it claims that Mazda asked for "a reconsideration of [the panel's] decision as to the third prong." Opp. at 18. Mazda devoted 17 of the 18 pages of its petition to its request for reconsideration of the Court's decision as to the second prong. It devoted five sentences to asking the Court to clarify the confusion that might be caused by the use of the word "holding" in its final footnote.

*Free Speech Coalition, Inc. v. Atty. Gen. United States*, 787 F.3d 142, 154 & n. 6 (3d Cir. 2015) (association lacked standing to bring an as-applied challenge seeking declaratory and injunctive relief against allegedly unconstitutional statute because claims required individual participation of members).

Finally, NJ CAR argues that all this Court need do to determine that MBEP violates the statutory provisions on which NJ CAR relies is do a "side by-side" comparison. The statutory language itself, however, refutes NJ CAR's argument.

The MBEP is a program through which Mazda helps to defray its franchisees' costs of constructing or renovating their facilities to comply with certain Mazda requirements by paying the dealers incentives for each new Mazda vehicle they retail. The NJFPA <u>permits</u> such facility requirements depending on the facts concerning the individual dealers to whom the requirements apply.

Thus, N.J.S.A. 56:10-7.4(j) provides that facility requirements are not unlawful where "the motor vehicle franchisor and the motor vehicle franchisee voluntarily agree to the requirement and separate and valuable consideration is paid." Mazda contends that the franchisees who are participating in the program are doing so voluntarily and that the incentives that Mazda has agreed to pay them constitute separate and valuable consideration under the statute.

Remarkably, NJ CAR contends that this Court should decide this material issue of fact against Mazda without the submission of any proof from the

6

franchisee-participants: "For Mazda to characterize the MBEP as an agreement, let alone a voluntary agreement, after it unilaterally prepared, implemented and imposed the program, strains all credulity and if anything only highlights the coercive nature of this practice that the FPA was enacted to end." Opp. at 23. In other words, if Mazda offers a program to its dealers, it <u>must</u> be coercive! Mazda submits that testimony from the participants as to voluntariness and adequacy of consideration is obviously necessary to decide this issue.

Further, NJ CAR concedes (as it must, given the language in the statute) that Mazda has a "possible defense" under N.J.S.A. 56:10-7.4(l) if Mazda "could demonstrate that the affected dealer will be able to 'earn a reasonable return on his total investment' and the 'full return of his total investment in such facility or from such operational modifications within 10 years.'" Opp. at 23-24. But NJ CAR then claims that "logically" Mazda must satisfy its burden of proof "at the time the attempt to require the modification is made." Opp. at 24. This purported requirement appears nowhere in the statute, and there is nothing "logical" about requiring a defendant to meet its burden of proof on a statutory affirmative defense before a lawsuit is even filed against it.

Finally, since subdivision (j) of N.J.S.A. 56:10-7.4 permits a franchisor to impose facility requirements where "separate and valuable consideration is paid," subdivision (h) needs to be read in harmony with it. NJ CAR claims that the

7

consideration Mazda pays the participants, in the form of sales incentives, creates "price differentials." But because money is fungible, <u>any</u> monetary consideration that Mazda might pay to participants to comply with subdivision (j) could be characterized as creating a "price differential." Thus, NJ CAR's reading of subdivision (h) would eliminate the permitted agreements under subdivision (j).

As NJ CAR alleges in its own Complaint, the purpose of subdivision (h) is to prohibit "price differentials between dealers such that one dealer in New Jersey will have a lower effective cost for a similarly equipped vehicle than another dealer." Compl. ¶ 11. In order to determine whether participants have a "lower effective cost" than nonparticipants, individual proof is necessary to determine whether the costs of complying with MBEP are greater than the incentives that NJ CAR claims give the participants a lower effective cost.

In its brief, NJ CAR's disavows its own "lower effective cost" allegation and contends that "Mazda's sale of comparatively equipped vehicles to dealers at different prices alone, regardless of any costs a dealer had to incur to become eligible for a different and lower price, triggers a violation under the statute." Opp. at 22. Besides begging the question whether participants in fact pay a "lower price," this argument makes no economic sense. Mazda does not (and is not alleged to) sell vehicles to dealers at different prices. The allegation in the Complaint is that the incentives paid to participating dealers effectively result in a

8

"lower price." But if the cost of earning the incentive is greater than the incentive, then there is no "lower price." This is a question of fact that can only be determined by having individual dealers participate to prove their relative costs and benefits under the program.

Because individual member participation is required, NJ CAR cannot satisfy the third prong of the *Hunt* test, and there is no subject-matter jurisdiction.

## II.     IN THE ALTERNATIVE, NJ CAR CANNOT STATE A CLAIM

### A. The "Consolidation Rule" Does Not Bar Consideration of this Point

NJ CAR argues that the Court should not even consider whether NJ CAR fails to state a claim because of the "consolidation rule" in Fed. R. Civ. P. 12(g)(2). That rule should not bar consideration of Mazda's alternative argument.

Application of the rule here would defeat its very purpose, which is the promotion of judicial efficiency and the avoidance of piecemeal Rule 12 motions. Application here would <u>cause</u> piecemeal Rule 12 motions, because if the Court were to decline to consider the issue on this motion, Rule 12(h)(2)(B) would permit Mazda to immediately refile the motion under Rule 12(c) after it files its answer. "Creating such delay seems contrary to the purposes of Rule 12(g)(2)." *Leyse v. Bank of America N.A.*, 804 F.3d 316, 322 (3d Cir. 2015) (declining to reverse and require defendant to file a Rule 12(c) motion).

9

Moreover, Rule 12(g)(2) does not bar Mazda's instant Rule 12(b)(1) motion. *See* Fed. R. Civ. P. 12(h)(3). Since that motion must be considered, it is far more efficient for the Court to also consider Mazda's alternative Rule 12(b)(6) argument now (if necessary) rather than defer it to a Rule 12(c) motion.

Fed. R. Civ. P. 1 provides that the procedural rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Accordingly, the rules should not be used in ways "that increase costs and result in delay." 2015 Committee Notes, Fed. R. Civ. P. 1. Consistent with these principles, the Third Circuit has not strictly enforced the consolidation rule where, as here, it would not be efficient to do so. *See Leyse*, 804 F.3d at 321 ("[a] district court's decision to consider a successive Rule 12(b)(6) motion to dismiss is usually harmless"); *Hart v. City of Philadelphia*, 779 Fed. App'x 121, 125 n. 3 (3d Cir. June 20, 2019) (even if district court erred by permitting a Rule 12(b)(6) motion following an earlier Rule 12(f) motion, the error was harmless).

This is not a case where a defendant has brought an unmeritorious Rule 12(b)(6) motion and then followed it with another Rule 12(b)(6) motion. Rather, Mazda brought a previous motion to dismiss for lack of subject-matter jurisdiction, which this Court found to be meritorious. Having disagreed with this Court, the Third Circuit stressed that it was not ruling that the Complaint "sufficiently has

10

stated a claim under the NJ FPA" and that on remand this Court "is free to consider any other arguments for dismissal Mazda advances." 957 F.3d at 394 n.3. Under the circumstances, the consolidation rule should not apply.

### B. NJ Car Does Not Have Statutory Standing

Even though it is concededly not Mazda's franchisee, NJ CAR argues that it has standing to sue for alleged violations of a statute that specifically grants such standing only to a "franchisee" against "its franchisor." Its arguments lack merit.

First, NJ CAR argues that it has standing under the "zone of interests" test. Opp. at 28-29. As demonstrated by the very cases that NJ CAR cites, however, that test is used to <u>limit</u> standing under statutes permitting any "person" or "party" suffering injury to sue.[3] It cannot be used to <u>expand</u> the categories of parties authorized to sue under a statute. It has no application here, where the statute precisely specifies who can sue and against whom they can sue.

Next, NJ CAR argues that it can get around the standing requirements of the NJFPA via the Declaratory Injunction Act. Opp. at 29. It cites no authority, however, to support the idea that this federal procedural statute can enlarge a party's rights under a state statute.

---

[3] *Chem. Serv., Inc. v. Envtl. Monitoring Sys. Lab.*, 12 F.3d 1256 (3d Cir. 1993) (standing under 5 U.S.C. § 702, which permits "any person suffering legal wrong" to challenge agency action); *Schering Corp. v. FDA,* 51 F.3d 390 (3d Cir. 1995) (same); *Oxford Assocs. v. Waste Sys. Auth.*, 271 F.3d 140 (3d Cir. 2001) (standing under 42 U.S.C. § 1983, which permits "the party injured" by a violation to sue); *Montone v. City of Jersey City*, 709 F.3d 181, 199 (3d Cir. 2013) (same).

11

NJ CAR then argues that it has statutory standing because it "has established its constitutional standing" and "has brought this lawsuit not seeking anything for itself, but rather, seeking relief on behalf of the real parties in interest: its franchisee members." Opp. at 30. However, the most pertinent of the five ERISA cases NJ CAR cites in connection with this attempt to elide the separate concepts of constitutional standing and statutory standing – i.e., the one decided by the Third Circuit – supports Mazda's position by close analogy.

In *New Jersey State AFL-CIO v. New Jersey*, 747 F.2d 891 (3d Cir. 1984) ("*AFL-CIO*"), a union sought declaratory relief concerning its members' rights to future dental benefits under an ERISA provision allowing "plan participants and beneficiaries" to sue. The Third Circuit applied the plain language of the statute and held that because "labor unions are neither participants nor beneficiaries," they had no standing. *Id.* at 893. Thus, the Court accepted an argument exactly like the one made by Mazda here: because NJ CAR is not a franchisee and Mazda is not its franchisor, it cannot sue Mazda under the NJFPA.

NJ CAR places principal reliance on a case that expressly <u>rejected</u> *AFL-CIO*'s holding, *Southern Ill. Carpenters Welf. Fund v. Carpenters Welf. Fund of Ill.*, 326 F.3d 919, 922 (7th Cir. 2003) ("*Carpenters*"). While NJ CAR cites three cases that follow *Carpenters,* it ignores the greater body of case law that follows *AFL-CIO* and rejects the same argument being made by NJ CAR here. *See, e.g.*,

12

*Comm. Workers of America, AFL-CIO v. SBC Disability Income Plan*, 80 F. Supp.2d 631, 632-34 (W.D. Tex. 1999) (collecting cases and rejecting associational standing argument); *Int'l Union, UMW v. CONSOL Energy, Inc.*, No. 1:16-CV-12506, 2020 U.S. Dist. LEXIS 98358, at *21-24 (S.D. W. Va., June 4, 2020) (recognizing the "circuit split" between *Carpenters* and *AFL-CIO* and rejecting associational standing argument).

NJ CAR attempts to distinguish *AFL-CIO* via a "Contrast" citation in a footnote, describing *AFL-CIO* as a case in which the union was "seeking relief on its own behalf rather than on behalf of its members." Opp. at 32 n.3. This distinction, however, is not supported by the facts of *AFL-CIO* nor by any language in the Third Circuit's decision. As the Seventh Circuit itself recognized, *Carpenters* is "contrary" to *AFL-CIO*. 326 F.3d at 922.[4]

Besides being contrary to Third Circuit precedent and the weight of authority, NJ CAR's claim that it has standing because the "real parties in interest" are its members (presumably its Mazda members, as they are the only ones who would have statutory standing) is contradicted by its position that Mazda cannot assert the statutory defense of substantial noncompliance with the franchise because "this is not an action by an individual dealer in which the dealer seeks

---

[4] The distinction urged by NJ CAR is made in *Penn. Fed'n v. Norfolk S. Corp. Thoroughbred Ret. Inv. Plan*, No. 02-9049, 2004 WL 228685 (E.D. Pa. Feb. 4, 2004), but that court pointed to nothing in *AFL-CIO* supporting the distinction.

relief against Mazda." Opp. at 33. NJ CAR wants to have it both ways – its Mazda dealer members are the "real parties in interest" when it wants to sue but not when Mazda wants to defend against the suit. Further, it could hardly have been the intent of the legislature to allow dealers to avoid the statutory defense by having the dealer association sue for them.

Finally, NJ CAR argues that it must have statutory standing because "as noted in [its] Statement of Facts, NJ CAR has been bringing and participating in these types of lawsuits on behalf of its members for the past few decades" and "its 'statutory standing' to do so has never been questioned." Opp. at 34. This statement is very misleading: the "Statement of Facts" cites only two other cases which NJ CAR has ever "brought," one of them in 1999 and one filed just this year. *See* Opp. at 5. Mazda does not believe that NJ CAR has ever brought any other lawsuits under the NJFPA. In the other cases listed in the Statement of Facts, NJ CAR participated as *amicus curiae,* for which of course it does not need to have statutory standing. In any event, the fact that NJ CAR's statutory standing "has [not] been questioned" in the other cases it has brought as a plaintiff is obviously not authority for the proposition that it has statutory standing.

14

## CONCLUSION

For all of the foregoing reasons, and the reasons set forth in Mazda's opening brief, Mazda submits that its motion to dismiss should be granted.

Dated: September 1, 2020

          Respectfully submitted,

          /s/ *Brian D. Sullivan*
          Brian D. Sullivan
          FOX ROTHSCHILD LLP
          49 Market Street
          Morristown, NJ 07068
          Tel: (973) 994-7525
          Email: bsullivan@foxrothschild.com

          John J. Sullivan
          (admitted *pro hac vice*)
          HOGAN LOVELLS US LLP
          390 Madison Avenue
          New York, NY 10017
          Tel: (212) 918-3000
          Email: john.sullivan@hoganlovells.com

          Ryan L. Ford
          (admitted *pro hac vice*)
          HOGAN LOVELLS US LLP
          555 Thirteenth Street, N.W.
          Washington, D.C. 20004
          Tel: (202) 637-5600
          Email: ryan.ford@hoganlovells.com

          *Attorneys for Defendant Mazda Motor of America, Inc., d/b/a Mazda North American Operations*