NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY COALITION OF AUTOMOTIVE RETAILERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MAZDA MOTOR OF AMERICA, INC., <br><br> Defendant. | Case No. 3:18-cv-14563 (BRM) (TJB) <br><br> OPINION |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion to Dismiss filed by Defendant Mazda Motor of America, Inc., d/b/a Mazda North American Operations ("Mazda") seeking to dismiss a Complaint filed by Plaintiff New Jersey Coalition of Automotive Retailers, Inc. ("NJCAR") pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). (ECF No. 36.) NJCAR opposed the Motion to Dismiss. (ECF No. 38.) Mazda filed a Reply in support of its Motion to Dismiss. (ECF No. 39.) Also before this Court is a Motion for Summary Judgment filed by NJCAR. (ECF No. 46.) Mazda opposed the Motion for Summary Judgment. (ECF No. 51.) NJCAR filed a Reply in support of its Motion for Summary Judgment. (ECF No. 53.) Having reviewed the submissions filed in connection with the motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Mazda's Complaint is **DISMISSED WITHOUT PREJUDICE**, and Mazda's Motion to Dismiss and NJCAR's Motion for Summary Judgment are **DENIED** as moot.

**I.    BACKGROUND**

For the purposes of this Motion to Dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" NJCAR. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). The Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citing *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

The facts of this dispute are explained in detail in this Court's Opinion dated July 30, 2019 (the "July Opinion") (ECF No. 27),[1] which the Court incorporates by reference. The relevant procedural history is summarized as follows.

On October 2, 2018, NJCAR filed a Complaint against Mazda, asserting causes of action for Mazda's violations of N.J. Stat. Ann. §§ 56:10-7.4(h), (j) and (l) of the New Jersey Franchise Practices Act ("NJFPA"), as a result of the implementation of the Mazda Brand Experience Program 2.0 ("MBEP"). (ECF No. 1.) On November 8, 2018, Mazda filed its first motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 7.) On July 30, 2019, the Court issued the July Opinion (ECF No. 27) and an Order (the "July Order") (ECF No. 28) that granted Mazda's first motion. On April 28, 2020, the United States Court of Appeals for the Third Circuit issued an Opinion (the "April Opinion") (ECF No. 32-2), which reversed this Court's July Opinion, and remanded the case to the Court for further proceedings.[2] On November

---

[1] *N.J. Coal. of Auto. Retailers, Inc. v. Mazda Motor of Am., Inc.*, Civ. A. No. 18-14563, 2019 U.S. Dist. LEXIS 126332 (D.N.J. July 30, 2019).

[2] *N.J. Coal. of Auto. Retailers, Inc. v. Mazda Motor of Am., Inc.*, 957 F.3d 390 (3d Cir. 2020).

2, 2020, the Court entered an Order implementing the April Opinion in lieu of mandate, reversing the July Order and denying Mazda's first motion to dismiss. (ECF No. 41.)

On July 31, 2020, Mazda filed a second motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), *i.e.*, the current Motion to Dismiss. (ECF No. 36.) On August 25, 2020, NJCAR opposed the Motion to Dismiss. (ECF No. 38.) On September 1, 2020, Mazda filed a Reply in support of its Motion to Dismiss. (ECF No. 39.)

On February 3, 2021, NJCAR filed a Motion for Summary Judgment, seeking (1) a declaration that the MBEP violates the NJFPA on its face and that Mazda's implementation of the MBEP in New Jersey is unlawful, and (2) a permanent injunction that prohibits Mazda from implementing the MBEP in New Jersey. (ECF No. 46; ECF No. 46-2 at 11.) On March 1, 2021, Mazda opposed the Motion for Summary Judgment. (ECF No. 51.) On March 8, 2021, NJCAR filed a Reply in support of its Motion for Summary Judgment. (ECF No. 53.)

## II. LEGAL STANDARD

"[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286 (citations omitted). Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235–36 (3d ed. 2004)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a probability requirement." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "further factual enhancement" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286 (citations omitted).

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss to a summary judgment motion, including items that are *integral to or explicitly relied*

*upon* in the complaint." *Coulter v. Doerr*, 486 F. App'x 227, 228 (3d Cir. 2012) (citing *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999)).

**III. DECISION**

"[C]ourts in this circuit routinely dismiss stand alone counts for declaratory and injunctive relief, since such claims are requests for remedies, and not independent causes of action." *ASAH, The Children's Inst. v. N.J. Dep't of Educ.*, Civ. A. No. 16-3935, 2017 U.S. Dist. LEXIS 101736, at *35 (D.N.J. June 30, 2017) (citing *Chruby v. Kowaleski*, 534 F. App'x 156, 160 n.2 (3d Cir. 2013)); *see also Myers v. Advanced Stores Co.*, Civ. A. No. 19-18183, 2020 U.S. Dist. LEXIS 91764, at *19 (D.N.J. May 27, 2020) ("[D]ismissal is . . . appropriate, because [p]laintiff has improperly pled a request for equitable relief as a separate claim."); *Neuss v. Rubi Rose, LLC*, Civ. A. No. 16-2339, 2017 U.S. Dist. LEXIS 83444, at *24–25 (D.N.J. May 31, 2017) (citations omitted) (dismissing the plaintiff's separate "claims for injunctive and equitable relief" as "not properly pled," because "injunctive and declaratory relief are remedies—not independent causes of action"); *Mulqueen v. Energy Force, LLC*, Civ. A. No. 13-1138, 2013 U.S. Dist. LEXIS 162930, at *22 (M.D. Pa. Oct. 3, 2013) ("Plaintiff may seek injunctive and declaratory relief as remedies but not as viable causes of action.").

In the Complaint, NJCAR asserts two causes of action, one for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 (Count I), and the other for injunctive relief pursuant to 28 U.S.C. § 2202 (Count II). (ECF No. 1 at 11–12.) NJCAR has alleged Mazda's violations of the NJPFA as the basis for its request for declaratory and injunctive reliefs under the two counts, but has not clarified the two counts are brought under the NJPFA. (*Id.*) Instead, NJCAR states "this is not a lawsuit 'brought under' the [NJ]FPA," and claims it "has filed a declaratory judgment action

5

and seeks relief under [28 U.S.C. §§ 2201 and 2202]." (ECF No. 53 at 38.) Therefore, NJCAR's Complaint is not properly pleaded and warrants dismissal.

Though neither party has raised this pleading deficiency,[3] "a district court might, *sua sponte*, raise the issue of the deficiency of a complaint under Rule 12(b)(6), so long as the plaintiff is accorded an opportunity to respond." *Oatess v. Sobolevitch*, 914 F.2d 428, 430 n.5 (3d Cir. 1990) (citations omitted). Accordingly, this dismissal is without prejudice. The Court grants NJCAR thirty (30) days to file an amended complaint.

Because NJCAR's Complaint is dismissed, its Motion for Summary Judgment and Mazda's Motion to Dismiss are **DENIED** as moot.

## IV.  CONCLUSION

For the reasons set forth above, NJCAR's Complaint is **DISMISSED WITHOUT PREJUDICE**. Mazda's Motion to Dismiss and NJCAR's Motion for Summary Judgment are **DENIED** as moot. NJCAR has thirty (30) days to file an amended complaint, and failure to do so will turn dismissal without prejudice into dismissal with prejudice. An appropriate order follows.

**Date: June 28, 2021**                                 */s/ Brian R. Martinotti*
                                                                 **HON. BRIAN R. MARTINOTTI**
                                                                 **UNITED STATES DISTRICT JUDGE**

---

[3] Mazda's Motion to Dismiss focuses on NJCAR's standing to sue as a trade association. (*See* ECF No. 36-4.)