<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NEW JERSEY COALITION OF AUTOMOTIVE RETAILERS, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **MAZDA MOTOR OF AMERICA, INC.,** <br><br> Defendant. | Civil Action No. 18-14563 (ZNQ) (TJB) <br><br> **OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon a Motion to Dismiss filed by Defendant Mazda Motor of America, Inc. ("Mazda") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 60.) Defendant filed a Brief in Support of its Motion ("Moving Br.", ECF No. 61). Plaintiff New Jersey Coalition of Automotive Retailers, Inc. ("Plaintiff" or "NJCAR") filed a Brief in Opposition ("Opp'n Br.", ECF No. 62), and Mazda filed a Reply Brief ("Reply Br.", ECF No. 63).

The Court has carefully considered the parties' arguments and decides the matter without oral argument pursuant to Federal Civil Rule of Procedure 78 and Local Civil Rule 78.1. For the reasons stated herein, the Court will GRANT Mazda's Motion to Dismiss.

**I.  BACKGROUND**

In succinct terms, NJCAR, an association of automotive retailers, challenges Mazda's incentive program for its authorized dealerships, the Mazda Brand Experience Program 2.0

1

("MBEP"), as violating provisions of New Jersey's Franchise Practices Act, N.J.S.A. § 56:10-1 *et seq.* ("NJFPA"). The more detailed facts of this dispute are set forth in detail in the Court's Opinion dated July 20, 2019 (ECF No. 27) and the Third Circuit's Opinion dated April 28, 2020, reported as *New Jersey Coalition of Automotive Retailers, Inc.*, 957 F.3d 390 (2020) ("*NJCAR II*"), which the Court incorporates by reference. The relevant procedural history is summarized as follows.

NJCAR filed an initial Complaint against Mazda on October 28, 2018. (ECF No. 1.) Mazda filed a Motion to Dismiss (ECF No. 7, "First Motion to Dismiss") pursuant to Rule 12(b)(1), arguing that NJCAR lacked association standing to bring this case on behalf of its dealer members. In addition to its opposition, NJCAR filed a Motion for Summary Judgment (ECF No. 16, "First Motion for Summary Judgment"), which the Court denied as moot on July 30, 2019. (ECF No. 28.)

The Court granted Mazda's First Motion to Dismiss on the basis that NJCAR did not satisfy the second prong of the test under *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977) for association standing—germaneness to the organization's purpose—because there was a conflict of interest between NJCAR and its members. (ECF No. 28.)[1] In the same decision, the Court denied as moot NJCAR's First Motion for Summary Judgment. (*Id.*)

NJCAR appealed, and the Third Circuit reversed the district court's dismissal and remanded the case for further proceedings. (ECF Nos. 31, 32; *NJCAR II*.)

---

[1] The U.S. Supreme Court's decision in *Hunt* articulated a three-prong test under which "an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." 432 U.S. at 343.

2

On remand, Mazda filed another Motion to Dismiss ("Second Motion to Dismiss"). (ECF No. 36.) NJCAR filed another Motion for Summary Judgment ("Second Motion for Summary Judgment"). (ECF No. 46.)

On June 29, 2021, the Court *sua sponte* dismissed NJCAR's complaint without prejudice on the basis that NJCAR had asserted in its opposition to the Second Motion to Dismiss that it's claims were not brought under the NJFPA, but as a declaratory judgment action. The dismissal was based on the Court's conclusion that the action therefore constituted an improper stand-alone claim, given that declaratory judgment is a remedy rather than its own cause of action. In the same decision, the Court denied as moot Mazda's Second Motion to Dismiss and NJCAR's Second Motion for Summary Judgment.

On July 28, 2021, NJCAR filed the currently operative Amended Complaint. It asserts violations of three provisions of the NJFPA: N.J.S.A. 56:10-7.4(h), (j), and (l). (First Amended Complaint ("FAC"), ECF No. 57.) NJCAR seeks declaratory judgment and an injunction prohibiting the implementation of the Mazda Brand Experience Program in New Jersey based on its NJFPA claim. (*Id.* ¶¶ 30–42.) On August 11, 2021, Mazda filed the current Motion to Dismiss ("Third Motion to Dismiss"). (ECF No. 60.)

## II.   JURISDICTION

Given the parties' diversity and the amount in controversy, the Court exercises diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## III.   LEGAL STANDARD

### A.   Rule 12(b)(1)

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, Civ.

3

No. 12-03922, 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (citation omitted). When considering dismissal for lack of subject matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief but rather on whether the court has jurisdiction to hear the claim and grant relief. *Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002) (citation omitted).

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to consider the allegations of the complaint as true," while a factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or otherwise present[ing] competing facts." *Id*. (internal quotations and citations omitted) (alteration in original). On a factual challenge, a district court can weigh and consider evidence outside the pleadings, with no presumptive truthfulness attaching to the plaintiff's allegations. *Id.* When a defendant raises a factual challenge to jurisdiction, the plaintiff bears the burden of establishing jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176–77.

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Id.* at 348–49 (citing cases). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Davis*, 824 F.3d at 350 (quoting *Kulick v. Pocono Downs Racing Ass'n*, 816 F.2d 895, 899 (3d Cir. 1987)). "When a case raises a disputed factual issue that

4

goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id.*

### B. Rule 12(b)(6)

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips v. County of Allegheny*, 515 F.3d 224, 228. To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555–56.

## IV. DISCUSSION

### A. Article III Standing

In its moving brief, Mazda concedes that this Court has already found the first prong for associational standing was satisfied, and that the Court of Appeals' decision in *NJCAR II* reversed this Court's prior conclusion that the second prong was also satisfied. Mazda now renews its previous argument that the Court lacks subject-matter jurisdiction over NJCAR's claims because NJCAR does not meet the requirements for associational standing. (Moving Br. at 9–15.)

NJCAR argues that the Court of Appeals held not just that it satisfied the first two prongs for association standing, but reached the final conclusion that NJCAR possesses association standing. (Opp'n. Br. at 14.) As proof, NJCAR points to footnote 3 of *NJCAR II*:

> We stress that in so ruling, we express no opinion as to the merits of this case. *We limit our holding to the conclusion that the Coalition has association standing to bring this case.* In fact, our opinion should not be understood as implying that the complaint sufficiently has stated a valid claim under the NJFPA. On remand, the District Court is free to consider any other arguments for dismissal that Mazda advances.

957 F.3d at 394 n.3 (emphasis added). In the alternative, NJCAR argues that it meets the third prong under *Hunt* because this case merely requires the Court to compare the MBEP with the NJFPA to determine whether Mazda's incentive program is violating the statute. For this determination it contends that individual participation by the franchisees is not needed. NJCAR also cites authority for the general proposition that this third prong is routinely held to be satisfied in cases like this one when an association seeks declaratory and injunctive relief rather than money damages. (*Id*. at 19–26.)

On reply, Mazda insists that individual participation by the members of NJCAR is necessary because there are exceptions in the three allegedly violated subsections of the NJFPA that make incentive programs permissible under certain, factually sensitive conditions. (Reply Br. at 5–8.)

As a preliminary matter, The Court need not resolve whether the Third Circuit's decision in *NJCAR II* constituted a holding that NJCAR has Article III standing because, for the reasons set forth below, the Court now finds in the first instance that NJCAR meets the third prong of *Hunt*. NJCAR meets the requirements for Article III standing, and therefore, any dispute as to the interpretation of *NJCAR II* is moot as a result.

As NJCAR points out, since *Hunt* the Supreme Court has characterized its third prong as one "focusing on [] matters of administrative convenience and efficiency, not on elements of a case or controversy within the meaning of the Constitution." (Opp'n Br. at 20) (quoting *United Food & Comm. Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 556 (1996).

6

Notably, *United Food* recognized that there are particular concerns with respect to a need for individual participation in cases where organizations seek damages on behalf of their members. *United Food*, 517 U.S. 556–557.  Courts in this District have routinely observed that "[i]t is almost a bright-line rule that requests by an association for declaratory and injunctive relief do not require participation by individual association members . . . but conversely damages claims usually require significant individual participation, which fatally undercuts a request for associational standing." *See, .e.g.*, *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 207 (D.N.J. 2003) (citing *Pennsylvania Psychiatric Society v. Green Spring Health Services, Inc.*, 280 F.3d 278, 284 (3d Cir. 2002) (interior quotation marks omitted).

In this case, NJCAR is seeking only declaratory and injunctive relief  "[o]rdering and declaring that the MBEP violates the [NJFPA] on its face; [o]rdering and declaring that it is unlawful for Mazda to implement the MBEP in New Jersey;" and "[a]warding injunctive relief, prohibiting Mazda from implementing or attempting to implement the MBEP in New Jersey." (FAC ¶¶ 33, 37, and 42.)   Mazda's arguments that individual participation is required are unavailing.

Mazda contends that § 56:10-7.4 (j) and (l) provide exceptions that permit it to impose facility requirements.  Section (j) authorizes such requirements when the franchisor and franchisee "voluntarily agree to the requirement and separate and valuable consideration is paid."  (Moving Br. at 11).  Likewise, Mazda argues that § 56:10-7.4 (l) permits it to require a franchisee to make modifications to its facilities if the franchisor "can demonstrate that: (1) funds are generally available to the franchisee for . . . modification on reasonable terms; and (2) the . . . franchisee will be able, in the ordinary course of business as conducted by such motor vehicle franchisee, to earn a reasonable return on his total investment in such facility or from such operational modification,

and the full return of his total investment in such facility or from such operational modifications within 10 years . . . ." (Moving Br. at 11–12.) It asserts that franchisee's voluntariness and the value of Mazda's consideration under section (j) will have to be explored on an individual basis with the dealerships. It makes the same assertion with respect to the reasonableness of the terms and the returns under section (l). (*Id.*) The Court rejects these invitations because they invite the same kind of error cautioned against by the Third Circuit in *NJCAR II*. At this stage, the Amended Complaint must be read in a light most favorable to NJCAR, and it is "plausible" "that many of the Mazda dealers regard the capital investment required to participate fully in the MBEP as financially unjustified, but nevertheless feel pressured to participate due to the competitive disadvantages artificially created by the MBEP for non-participation or partial participation." *NJCAR II*, 957 F.3d at 393. Whether Mazda will be entitled to the defenses provided by the safe harbors set out in sections (j) and (l) of NJFPA will no doubt be a focus of this case going forward, but the possibility of their application is not enough to defeat NJCAR's associational standing.[2]

Mazda makes a similar claim with respect to needing individual participation to determine the "per vehicle effective costs" of each vehicle sold to each dealer under section (h) of the statute. As NJCAR notes, however, Mazda's argument ignores that the sale of comparably equipped vehicles at different prices alone triggers a statutory violation, without considering costs incurred by a dealer. The Court therefore rejects Mazda's argument based on section (h) as well.

In summary, the Court concludes that the requirements for associational standing are met. The parties' dispute as to the scope of the Third Circuit's holding in NJCAR II with respect NC CAR's standing is therefore moot.

---

[2] The Court reaches the same conclusion with respect to Mazda's speculation that it might be entitled to a "functional ability" defense akin to the one implied into the Robinson-Patman Act. (See Moving Br. at 13–14.)

8

B.     **Statutory Standing**

Mazda argues that even if subject-matter jurisdiction exists, NJCAR cannot state a claim under the NJFPA because it is not a "franchisee" and because the New Jersey Legislature ("NJ Legislature") did not intend to give a trade association like NJCAR the right to sue for violations of the NJFPA. (Moving Br. at 15–20.)

NJCAR maintains that it qualifies as a "franchisee" under NJFPA because (1) it has associational standing, which allows it to stand in the shoes of its members, who are all "franchisees"; (2) NJCAR's interests fall within the "zone of interests" protected by the NJFPA; (3) Mazda will not be deprived of a defense under the NJFPA because NJCAR only seeks declaratory and injunctive relief; and (4) NJCAR's statutory standing has never been questioned in its prior lawsuits filed on behalf of its members.[3]  (Opp'n Br. at 29–36.)

On reply, Mazda argues that (1) associational standing does not confer statutory standing; (2) the "zone of interests" test does not apply here; (3) it would be against legislative intent to deprive Mazda of a defense; and (4) NJCAR's statutory standing having never been questioned is unpersuasive.  (Reply Br. at 10–14.)

The question before the Court is whether the NJFPA allows for an association to sue on behalf of its members who are "franchisees" under the statute even if the association itself is not a "franchisee."

---

[3] NJCAR also poses a procedural argument that Mazda should be barred from raising the issue of statutory standing because of the "consolidation rule" set forth in Rule 12(g)(2). (Opp'n Br. at 26–29.) NJCAR is correct that this is the first time Mazda raised this defense, and Rule 12(g)(2) prohibits a party from raising a defense or objection "that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). In opposition, Mazda argues the "consolidation rule" should not apply because that would defeat Rule 12(g)(2)'s purpose of judicial efficiency, given that they could invoke this defense on a subsequent motion for judgment on the pleadings under Rule 12(c). (*Id.* at 9–10.)  The Third Circuit has recognized that requiring such "additional steps would serve little purpose." Id. *Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 321–322 (3d Cir. 2015) ("So long as the district court accepts all of the allegations in the complaint as true, the result is the same as if the defendant had filed an answer admitting these allegations and then filed a Rule 12(c) motion for judgment on the pleadings, which Rule 12(h)(2)(B) expressly permits").  For the sake of the parties' resources and judicial economy, the Court will therefore consider Mazda's statutory standing defense in the context of this Motion.

*a) Language of the NJFPA*

The NJFPA provides that "[a]ny franchisee may bring an action against its franchisor for violation of this act . . . to recover damages sustained by reason of any violation of this act and, where appropriate, shall be entitled to injunctive relief. N.J.S.A. 56:10-10. "Franchisee" is defined as "a person to whom a franchise is offered or granted," and a "franchisor" as "a person who grants a franchise to another person." N.J.S.A. 56:10-3(c)–(d). "It shall be a defense for a franchisor, to any action brought under this act by a franchisee, if it be shown that said franchisee has failed to substantially comply with requirements imposed by the franchise and other agreements ancillary or collateral thereto." N.J.S.A. 56:10-9.

A court's "interpretive task begins and ends with the text of the statute unless the text is ambiguous or does not reveal congressional intent "with sufficient precision." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418 (3d Cir. 2015).

For the proposition that only "franchisees" can bring a lawsuit under the NJFPA, Mazda cites *Tynan v. Gen. Motors Corp.*, 248 N.J. Super. 654 (App. Div. 1991), *rev'd in part,* 127 N.J. 269, 604 A.2d 99 (1992) ("*Tynan*"), and *Horn v. Mazda Motor of Am., Inc.*, 265 N.J. Super. 47, 625 A.2d 548 (App. Div. 1993) ("*Horn*"). NJCAR points to *Southern Illinois Carpenters Welfare Fund v. Carpenters Welfare Fund of Illinois*, 326 F.3d 919 (7th Cir. 2003) and other cases in the ERISA context to argue that associations with constitutional standing also have statutory standing to pursue claims on behalf of its members. (Opp'n Br. at 32.) In reply, Mazda cites to *New Jersey State AFL-CIO v. State of N.J.*, 747 F.2d 891, 892 (3d Cir. 1984) ("*AFL-CIO*") to distinguish *Carpenters* and NJCAR's cases. (Reply Br. at 12.)

The New Jersey Appellate Division has twice considered the scope of "franchisee" and both times circumscribed it carefully. It held that neither "prospective franchisees" nor "proposed

10

transferees" constituted "franchisees" who could sue under the NJFPA.  *Tynan*, 248 N.J. Super. at 668; *Horn*, 248 N.J. Super. at 556.

Faced with an analogous situation where a statute, ERISA, authorized only a narrow class of plaintiffs the Third Circuit denied statutory standing to a union because "it is clear from the statute that labor unions are neither participants nor beneficiaries, and consequently plaintiff does not fall within this provision."  *AFL-CIO*, 747 F.2d at 893.

The Court finds the foregoing authority persuasive, and concludes that NJCAR lacks statutory standing for its claims against Mazda under the NJFPA because it is not a franchisee within the meaning of that statute.  Given that the Court has essentially concluded that NJCAR *cannot* file suit rather than merely find that its Amended Complaint fails to state a claim, the Court further concludes that additional amendment to NJCAR's claims would be futile.  Accordingly, the dismissal will be with prejudice.

## V.     CONCLUSION

For the reasons stated above, the Court will GRANT Defendant's Motion to Dismiss.  An appropriate order shall issue.

Date: **February 28, 2023**

                                             s/ Zahid N. Quraishi
                                             **ZAHID N. QURAISHI**
                                             **UNITED STATES DISTRICT JUDGE**